Court will call 516-0061, Torio v. Davidson Surface & Air, Inc. The evidence in this case is that the defendant claims to be a nationwide trucking company. The evidence in this case is on the defendant's own website. They advertise delivering to the 48 contiguous United States. If you prorate out the undisputed 67 pickups and deliveries in Illinois by the defendant You end up with only 20 states that would have pickups and deliveries if you assume every state that they deliver to has the same number of pickups and deliveries in Illinois. Since we know from the record that the defendant delivers and pickups and flies the roads of all 48 contiguous states We know that the 67 pickups and deliveries in Illinois is more than the nationwide average for any other state. For other states if you assume the same general number of pickups and deliveries in Illinois. But again, you don't even need to get to that. The only difference between what this court found in Williams and this case is the Mississippi River as opposed to interstate highways. A lot of people say the Mississippi River is the biggest interstate highway in the world. Two, a barge line instead of a truck. They're both hauling freight, cargo, what have you. The only way that this court can affirm the dismissal on personal jurisdiction grounds in this case is if quite literally you were to overrule Williams v. Lawson. Something that has not been argued for in the briefs. Something that as near as I can tell has never been suggested. The evidence is undisputed that the defendant operates consistently and not occasionally in this state. As the law is explained in Williams v. Lawson. I understand that the defendant is headquartered in Missouri. They claim they don't have a registered agent in Illinois. Granted, they don't have a registered agent in Illinois. But even if they did, as cited in the briefs, the existence or absence of a registered agent is not determined. In fact, you can have a registered agent in Illinois. You can be registered with the Illinois Secretary of State and still arguably not be subject to personal jurisdiction in Illinois. I was personally surprised when I read those lines of decision. That is the case state of the law. But if the court did not allow personal jurisdiction in Illinois courts of every business that did not register with the Illinois Secretary of State, that would make it real easy for out-of-state businesses who ply our highways to do business in our state to avoid a suit in Illinois just by not registering with the Illinois Secretary of State. And that's not the law. So unless the court has any questions, I would ask that the court reverse the decision of the trial court base in no small part on the Williams v. Lawson case cited in the briefs. And as I've stated, and reenact the case back to the circuit court for further proceedings, finding that there is indeed personal jurisdiction. What's your response to the police citing the Goodyear case indicating there are two types of exercise of long-term jurisdiction, one general and one specific? Is this general or specific? This would be general jurisdiction.  Specific jurisdiction would be, for instance, if one of the trucks of the defendant ran somebody over somewhere in Illinois, even if the defendant in that case had never previously been to the state of Illinois and would never come back in again, there would clearly be personal jurisdiction over that case. The Williams v. Lawson case is a general jurisdiction case. Have you addressed Goodyear in your reply brief? I didn't address it specifically because I don't think it was necessary. I mean, we're not required to show specific jurisdiction in order to have jurisdiction in Illinois. Once there is one type of jurisdiction, it is not necessary to show the other type. If there is general jurisdiction, as if you follow the Williams v. Lawson, there is, it doesn't matter whether the events in this case that give rise to this case took place in Mongolia, quite literally. If there is personal jurisdiction over the defendant, general jurisdiction over the defendant in Illinois, it's here. That might lead to the issue of a foreign nonconvenience issue, but we're not arguing it. How about the Daimler case? Are you familiar with that? Is that the- The U.S. Supreme. Is that the- California. That's where they sued. There's so many Daimler cases out there. Well, that's probably the seminal case, I would think. And are you familiar with the Aspen case at all? That's the first. No, Your Honor. I've been focusing on the Williams case out of this case. Since this is the Fifth District Appellate Court, I'm citing the Fifth District- Maybe the facts are similar in the Aspen case, which the Illinois Supreme Court has granted leave on. I'm not familiar with the Aspen case. Thank you. Thank you, Counsel. Do I have an opportunity to vote? Counsel for the athlete. Thank you. Thank you, members of the court, court personnel, both counsel, ladies and gentlemen. Good morning, and thank you for giving me a few moments to discuss what we all were bored out of our minds with in law school jurisdiction. And any law school student remembers International Shoe in those cases, and I know we beat it to death, and I just want to go over briefly to illustrate, again, why it's so clear in this circumstance that the circuit court in Illinois does not have jurisdiction over my client for this cause of action. Now, the jurisdictional standard, which we're all familiar with, Supreme Court in the Goodyear-Dunlap-Tyer v. Brown, in order for general jurisdiction to exist, my client would have had to engage in continuous and substantial business activity in Illinois, which is measured by a reasonable standard that does not offend fundamental fairness and fair play. And that Supreme Court also told us that when we're dealing with general jurisdiction cases that the standard is very high. In this particular case, my client gave the appellant every opportunity to clarify his case as it relates to jurisdiction. The final complaint, response complaint, has a class action for failure to pay overtime wages regarding a Missouri plaintiff as the class lead, a Missouri defendant. The plaintiff was employed in Missouri, and the law that was quoted in the complaint was, quote, well-settled applicable law. So the first opportunity my client gave opposing counsel to clarify the case was to file a motion for remand to clarify the law, to say, all right, are you suing for Illinois? What exactly are you doing? You're federal. Here's an opportunity. Clarify your case. Let's see if there's jurisdiction in the state. And as a result of that, the respondent stated in his pleadings that he expressly and unambiguously disclaimed any and all federal causes of action in the presently filed complaint. Respondent, or the plaintiff, proceeds to apply only Missouri and substantive law in the complaint that is presently on file. Okay, so now we have a Missouri law case. We gave him a second opportunity, discovery. So what discovery do you need? We'll give you whatever you want, and we gave him all our employment records over a one-year period of time. We gave him all the travel logs, let him do whatever discovery he had to do. At the end of it, what do we find out? My client has no office location or agent in Illinois. None of his employees live in Illinois. My client does not advertise or provide advertising directed to Illinois. There's no record of any fuel supply or purchases in the state of Illinois. There's no record of any of my client's trucks being repaired in Illinois. There's no record of my client's business practices regarding his contact with Illinois. And there's no record of picking up any drivers in the state of Illinois. What we have is 67 deliveries out of 1,300 for the year that were provided on an as-requested or as-needed basis. So the record is clear that the only time my client came into Illinois was if they received a phone call of somebody asking you to pick up or drop off something in Illinois. Now, I mentioned earlier that there's a reasonable standard, and that's been set out by the Supreme Court in a solid metal industry company for a superior court. And it gave four factors that the court would look at. First, the burden imposed on the defendant by requiring the defendant to litigate in a foreign form. Of course, this is a burden on my client who is 90 miles away, who has to travel into Illinois to litigate a case that doesn't involve anything that has to do with the state of Illinois. Second, the foreign state's interest in resolving the dispute. Well, Illinois has no interest in resolving a wage dispute between Missouri residents based on Missouri law. Third, the plaintiff's interest in obtaining the relief. Well, the fact that the claim is dismissed, the jurisdiction doesn't affect in one bit the ability to obtain the relief because they can simply go over into Missouri and file their action there. And then the fourth is the interest in the other effective form, an efficient judicial resolution of the dispute in advancement of substantive social policies. Well, here, the defendant is asking this court to interpret and apply Missouri law to Missouri citizens. And I don't think that this court or any state wants another state to resolve statutory disputes between Missouri citizens whose disputes don't cross state borders. Now, as I mentioned, the record does not reflect a regular pattern of commerce in transportation or that my client carries on usual customary business by routinely traveling in and through Illinois. Again, we have 67 instances which were sporadic in an as-needed basis. And to address the arguments that Respondent made, again, they take the 67 stops and have completely put it out of context. About some nationwide average, well, what if there are 67 in Illinois and they're made in Missouri? There's no evidence that hasn't been developed in terms of where these deliveries go. And we're talking about deliveries. We're not talking about the over-the-road truckers. We're talking about the deliveries. And I think if you look at the actual records of deliveries, you're going to see that all those other deliveries were within the state of Missouri. Respondent also mentions that there is no evidence that my client refuses to do business in Illinois. Again, law is clear. The burden on jurisdiction is on the appellant to show it exists. Switching the burden by telling this court that my client has an obligation to address an issue when it's the appellant's burden to show that issue. And here the appellant didn't present any evidence, and there is nothing in the record, on the issue of whether my client except for refuses business. And the Williams case, which is primarily what the appellant is arguing, is it doesn't have to be set aside. It's completely consistent with his case. Because in the Williams case, if you read the facts, what was going on is an out-of-state company had to traverse the Mississippi River in order to do its business. It had to go through Lock and Dam 26 and 27 in Madison County every day of its job, every day at work. When this barge was traveling the river past Illinois, it had to go into Madison County through those lock and dams. While it was there, there was evidence that it purchased fuel supplies, had the pirouette performed, and that it actually picked up crewmen to board the boats. The court, I call it the court in Williams, was clear that the barge company was carrying on usual and customary business because it routinely traveled through Illinois, and that its actions reflected a regular pattern of commerce and transportation. But the most telling part of what the court said in Williams is at the beginning of page 57, when it compared the barge business to the interstate trucking business. And here's what the court said. Defendant conducts business in Illinois just as would a common carrier whose only route of travel was across the highways of this state, even though goods were not picked up and delivered within Illinois. So here the court is clearly saying, if it's the only route, and there's no evidence of that, as there was in Williams, you have to use it. We're going to hold them responsible. And if you were to take the analysis of the proposed counsel, the analysis it has on interstate commerce, you'd have to look at the Supreme Court's decisions in a road-like Volkswagen, and again, in a side metal. Because in a road-like Volkswagen, the court said that under due process clause. And this had to do with traveling over the interstate. Because in 2014, the Supreme Court reiterated this decision in Walden v. Theodore, where it stated that And again, it also talks about placement of products in the stream of commerce without more is not enough. That's a side metal. So if we take the cases, apply them to this entire situation, it's clear that it would be unreasonable and offend traditional notions of fair play to hold my client, to have the jurisdiction over my client on a wage case in Illinois, simply because 67 deliveries were picked up for May in the state of Illinois out of over 1,300 deliveries over the course of the year. Thank you. Thank you, counsel. Bruce Butler. Thank you, Your Honor. I found it interesting that counsel represented in this court that all of the other deliveries, other than the 67 that were made in Illinois were made in the state of Missouri. There's actually nothing in the record that supports that. But thumbing through documents that I know to be in the record, I do know that there were inspections of the defendant's trucks in Maine and North Carolina during this 15-month period. Not that Maine or North Carolina inspections or operations really affects Illinois jurisdiction, but it definitely shows that it's not 67 deliveries in Illinois and 1,300 and change, all of which took place in Missouri. But even if, for the sake of argument, all 1,300 and whatever it is,  the 67 deliveries in Illinois over the course of 15 months works out to slightly better, by my calculations, of one delivery and pickup each week. If a lawyer filed one lawsuit, an Illinois lawyer filed one lawsuit in Indiana each week, nobody in their right mind would argue that that lawyer was not doing business in Indiana. If a taxicab company delivered one person from Granite City to the St. Louis airport each week, nobody would realistically argue that that taxicab company is not subject to jurisdiction in Missouri. A pickup and delivery by a trucking company who advertises deliveries in all 48 contiguous states each week over the previous 15 months is sufficient for personal jurisdiction. Merely driving the Illinois highway, and the record in this case indicates that the defendant is at least at St. Charles, if it's traveling anywhere to the east, this court will take judicial notice that the defendant will have to drive hundreds of miles north or hundreds of miles south to avoid Illinois, and there is nothing in the record that indicates that. What is the interest of the state of Illinois in this case to regulate for a lawsuit of whether or not truck drivers who operate in Illinois and routinely ply the roads of Illinois are properly paid? It's the interest of a state to ensure that people who work in that state get properly paid. What is our ability to obtain relief? If we got a judgment against the defendant, we could seize one of his trucks off the road under the Judgment Levy procedures. There's been no argument to the contrary. The fact that this is under Missouri law is irrelevant to the issue of what is the personal jurisdiction, what is the power of the courts in Illinois to hear this case. They have the power to hear this case, as this court decided years ago. So I would ask that this court, again, reverse the Illinois report and remand this case for further proceedings, finding that the Illinois courts have jurisdiction over a non-resident trucking company who routinely plies the roads in Illinois, who makes an average of deliveries and pickups of once each week, i.e., 67 over the previous 15 months before piling, and which nothing in the record indicates that they avoid Illinois. Thank you, Your Honor. Thank you. Thank you, Counsel. The court will take this matter under advisement, issue a decision in due course. I have filed a motion with sanctions along with a brief. I'd like to withdraw that motion. The motion is withdrawn. Thank you. Thank you. We'll stand in recess, pick up the final case of the morning, and close the hearing.